PG 1 OF 9

Haneef Shakeel Jackson Bey, Plaintiff V. United States Government, Defendant.
United States District Court Southern District of Indiana
Terre Haute Division

## Case No. 2:23-cv-00190-MPB-MKK

Motion for Default Judgment Against the Defendant and to Award Requested Relief to the Plaintiff Pursuant to Rule 55 of the Federal Rules of Civil Procedure and Sworn Affidavit

COMES NOW                                    DATE: _____

Haneef Shakeel Jackson Bey (Plaintiff Jackson Bey) motions for this Honorable Court to enter Default Judgment against the Defendant and grant Plaintiff his Primary Requested Relief for the following reasons:

A.         **MOTION FOR DEFAULT**

1. Plaintiff initiated a Civil Rights Violation Complaint Lawsuit against the United States Government (Defendant), under the Federal Tort Claims Act (FTCA), requesting a total of Nine Million United States Dollars to compensate him for the long term physical and mental injuries that he suffered from the abuses inflicted upon him by Federal

Pg. 2 of 9

OFFICERS EMPLOYED FOR THE DEFENDANT AT THE UNITED STATES PENITENTIARY IN TERRE HAUTE, INDIANA (USP-TERRE HAUTE) Dkt 1.

2. PLAINTIFF'S COMPLAINT PLAUSIBLY STATES THAT FEDERAL EMPLOYEES CRITICALLY OMITTED POLICY DIRECTIVES ASSIGNED TO THEM BY THE U.S. DEPARTMENT OF JUSTICE; THROUGH ITS FEDERAL BUREAU OF PRISONS (BOP) PROGRAM STATEMENTS (PS) [§3420.11- STANDARDS OF EMPLOYEE CONDUCT; §5310.16- TREATMENT AND CARE OF INMATES WITH MENTAL ILLNESS; AND §5566.06- USE OF FORCE AND APPLICATION OF RESTRAINTS, etc.] WHILE PLAINTIFF WAS EXPERIENCING A NEGATIVE MENTAL AFFECT THAT HE MOMENTARILY EXPRESSED IN CALM AND SUBTLY MANNERS AND NEVER AT ANY TIME BECAME AGGRESSIVE, COMBATIVE OR NON-COMPLIANT AS THE EMPLOYEES MALICIOUSLY ENGAGED IN THEIR INJURIOUS MISCONDUCTS.

3. THIS U.S. DISTRICT COURT SAW NO REASON TO DISMISS PLAINTIFF'S COMPLAINT AND ORDERED THE U.S. MARSHALS TO SERVE ATTORNEY/S FOR THE DEFENDANT NOTICE FOR APPEARANCE IN THE CIVIL ACTION [OF THE ABOVE NAMES AND NUMBER] WITH SAID COURT.

PG 3 of 9

4. Attorneys for the Defendant attempted baseless Rule 12 style denials, which were all refuted by the Plaintiff and denied by the court.

5. Discovery and deposition concluded, it turns out that no evidences were submitted that would materially suggest anything contrary to the Plaintiff's claim and the court's correctness in not dismissing it upon its standardized thorough screening under the §1915A statutory standards.

6. Upon said conclusions Plaintiff filed a Motion for Summary Judgment with this court. He supported the motion with sworn affidavits of facts and declarations of truth. Dkt 13. The court ordered attorneys for the defendant to respond on or before October 2, 2024, and even enlarged the attorney's time to respond by thirty additional days of time by "up to and including November 1, 2024, to respond to Plaintiff's Motion for Summary Judgment." Dkt. 46.

7. As of January 2, 2024 the Plaintiff has not been served the ordered response. id. Plaintiff's injuries [wrist, hands, feet, psche] are current [from tortuous abuses and assaults inflicted by employees of the Defendant]

PG 4 OF 9

AND INCREASING; LONGER PERIODS OF COLDNESS, NUMBNESS, AND LOSS OF FEELING IN HIS WRIST, HAND, ANKLES AND FEET, AND INTENSIFIED SPELLS OF POST TRAUMATIC STRESS SYNDROMES.

ATTORNEY/S FOR THE DEFENDANT HAS NO EVIDENCE THAT WILL GENUINELY DISPUTE OR GIVE ISSUE TO THE PLAINTIFF'S COMPLAINT. ATTORNEY/S FOR THE DEFENDANT HAS ALSO DECLINED SEVERAL SETTLEMENT OFFERS AND REFUSES TO GIVE A COUNTER OFFER.

FOR THIS CAUSE PLAINTIFF REQUEST THAT THIS COURT OF PROPER JURISDICTION ENTER DEFAULT JUDGMENT AGAINST THE DEFENDANT, AND GRANT PLAINTIFF THE REQUESTED RELIEF SOUGHT IN THE INSTANT COMPLAINT OF $9 MILLION DOLLARS TO COMPENSATE FOR THE LONG TERM PHYSICAL AND MENTAL INJURIES THAT EMPLOYEES FOR THE DEFENDANT WANTONLY INFLICTED UPON HIM WITH MALICIOUS INTENT.

B.       **CLAIM AND RIGHT TO RELIEF**

PLAINTIFF DECLARES AND AFFIRMS UNDER THE PENALTIES OF TITLE 18 USC §1746 AND 18 USC §1001 THE FOLLOWING TRUTHS:

IN MARCH OF 2022 PLAINTIFF PERSISTENTLY REQUESTED ADEQUATE CARE FROM USP TERRE HAUTE'S CUSTODY AND PSYCHOLOGY STAFF TO HELP MITIGATE HIS SUICIDAL IDEATIONS STEMMING FROM THE UNTIMELY DEATH OF HIS PARENT.

PG 5 of 9

Plaintiff was a federal prisoner, requesting that federal employees discharged their statutory duties of care for him during his time of natural grief and mourning. Federal employees deliberately breached their statutory duties of care with clear malicious intent and caused the plaintiff to suffer painful and irrepairable assults, batteries and intentional inflictions of emotional distress. See Dkt 43 at 'Affadavit of Facts.' Plaintiff properly exhausted his available administrative remedies with the BOP under Title 28 USC § 2675(a) and was permitted to proceed with a FTCA lawsuit in federal court under 28 USC § 2401(b), etc. See Dkt 43 at pgs. 1-3. Being as though statues under the Federal Tort Claims Act (FTCA) does not have a statutory maximum amount claim in dollars, and a principal form key to the FTCA's exhaustion requirment warns that 'failure to specify (amount) may cause forfeiture' [S.F 95]. Plaintiff requested $3 million dollars for each separate incident to compensate for the long term pain and sufferings maliciously inflicted upon him by senior federal employees while committed to said employees custody, under the pretense of protective safe keep status. Said foundational sums certain of three million dollars per claim gives plaintiff legal reason and right to request a total sum certian of nine million dollars to satisfy the assult and battery complaints that gives rise to this federal lawsuit.

C. REALISTIC RELIEF

THE PLAINTIFF MADE REFERENCE TO THE THOMAS ANDREW CENSKE (2023) CASE DECIDED BY THIS DISTRICT COURT. IN 'CENSKE' THE PLAINTIFF [THOMAS CENSKE] WAS PEPPER SPRAYED, EXTRACTED FROM HIS ASSIGNED CELL AND PLACED IN BLACK-BOX AMBULATORY RESTRAINTS AFTER AN ALTERCATION BETWEEN CENSKE'S CELLMATE AND AN OFFICER. CENSKE IS RECORDED MAKING VERBAL THREATS TO THE OFFICERS WHILE HE WAS AMBULATORY RESTRAINED. THIS COURT CONCLUDED THAT THE GOVERNMENT WAS LIABLE FOR ASSULT AND BATTERY TO CENSKE BECAUSE FEDERAL EMPLOYEES USED EXCESSIVE FORCE, PEPPER MACE AND INAPPROPRIATE RESTRAINTS AND AWARDED HIM NEARLY $60,000.00 TO COMPENSATE HIS EXPERIENCED PAIN AND SUFFERING. SEE: THOMAS ANDREW CENSKE V. UNITED STATES OF AMERICA, U.S. DISTRICT COURT, S.D. IND. TERRE HAUTE, 2023. IN JACKSONBEY V. UNITED STATES, FEDERAL EMPLOYEES BULLIED AND ABUSED PLAINTIFF JACKSONBEY FOR THEIR PRECEPTION TOWARD THE DISINFORMATION DISSEMINATED BY THE GOVERNMENT ABOUT JACKSONBEY'S FEDERAL CONVICTION AND INCARCERATION, AND JACKSONBEY'S HELPING OTHER INMATES FILE ADMINISTRATIVE COMPLAINTS AGAINST THEY AND THEIR COLLEAUGES CLEAR MISCONDUCTS AND ABUSES. SENIOR EMPLOYEES ROUTINELY DENIED PLAINTIFF DUTIES OF CARE WHEN THEY PUNISHED HIM BY TAKING HIM TO SEGREGATED HOUSING; CHOKING HIM OUT WITH THEIR BARE HANDS ONCE RESTRAINED; USING ADVANCED CALCULATED USE OF FORCE WEAPONRY AND TECHNIQUES UPON THE VISIBLY CALM AND COMPLIANT PLAINTIFF INCLUDING PLACING JACKSONBEY IN THE BLACK-BOX AMBULATORY RESTRAINT METHOD AND ADVANCING IT TO THE MOST RESTRICTIVE FULL FOUR POINT RESTRAINT METHOD UPON A CONCRETE SLAB; AND

UNLOADING AN AUTOMATIC RIOT RIFLE UPON THE PLAINTIFF AT CLOSE RANGE WHILE PLAINTIFF WAS LOCKED INSIDE OF A CELL NON-THREATENING; AND FALSIFYING FEDERAL DOCUMENTS, LYING, AS SUBTERFUGE TO JUSTIFY THEIR INJURIOUS ACTIONS.

IF JURIST OF THIS HONORABLE COURT SAW FIT TO AWARD MR. CENSKE NEARLY $60,000.00 TO COMPENSATE HIM FOR THE TEMPORARY PAIN AND SUFFERINGS INFLICTED UPON HIM BY FEDERAL EMPLOYEES IN THEIR RESPONSE TO A PHYSICAL ALTERCATION BETWEEN CENSKE'S CELLMATE AND A PRISON GUARD, THEN IT IS REASONABLE THAT A PERSON ALREADY VULNERABLE TO THE ORDINARY DISCOMFORTS AND INCONVENIENCES OF 'PROPER' INCARCERATION AND DELIBERATELY PLACED ON SAFE-KEEP STATUS AS A MEASURE OF 'AVOIDING' VICTIMIZATIONS WHO WAS ROUTINELY CHOKED OUT BY THE RAGE, STRENGTH AND BAREHANDS OF A HIGHLY PAID, HIGHLY TRAINED AND HIGHLY TRUSTED FEDERAL EMPLOYEE (WHO ALMOST DOUBLED THE WEIGHT OF THE RESTRAINED PLAINTIFF); CALCULATEDLY FORCED DOWN INTO THE MOST RESTRICTED AND ADVANCED METHOD OF RESTRAINTS -- OMITTING KEY POLICY DIRECTIVES WITH THE MALICIOUS INTENT OF KNOWINGLY CAUSING PLAINTIFF TO SUFFER MORE PHYSICAL AND MENTAL PAINS; AND HAVING THE MOST ADVANCED NON-LETHAL WEAPON AVAILABLE UNLEASHED ON AT MAXIMUM SPEED AND CLOSE RANGE, IMMEDIATELY PLACED IN IRON CHAIN BLACK-BOX AMBULATORY RESTRAINTS AND A FULL CONCRETE SLAB HARD CELL ("CAGE WITHIN A CAGE") WITHOUT ANY PAIN MANAGMENT MEDICATIONS, AND THEN ISSUED ANOTHER INMATE DISCIPLINARY REPORT CRITICALLY FALSIFIED AS SUBTERFUGE TO INFLICT SUCH PAIN AND SUFFERINGS UPON THE PLAINTIFF WITH

SAID WEAPON; THIS PERSON IS WELL WITHIN REASON TO PLACE A CONSIDERABLY HIGH VALUE ON THE SUM CERTAIN COMPENSATION DEMAND. IT IS EXTRA ORDINARY -- BARBARIC, EVEN, FOR A PERSON IN THESE DAYS AND TIMES, TO HAVE TO REFLECT BACK ON THE ERA OF LOSING THEIR PARENT AND BE HAUNTED BY THE HORRORS THAT PERSONS EMPLOYEED BY THE UNITED STATES GOVERNMENT FOR "CORRECTIONAL EXCELLENCE AND INTEGRITY" PAINFULLY INFLICTED UPON HIM FOR NO JUST OR PENOLOGICAL CAUSE. THAT GASHING INJURY DOES NOT GET BETTER, FADE, AND GO AWAY. IT IS ALWAYS THERE AND ALWAYS RAW. EVEN BY THE FABRICATED DESCRIPTIONS OF INCIDENTS REPORTED BY EMPLOYEES FOR THE DEFENDANT, THE PLAINTIFF DID NOTHING TO WARRANT THE TYPES OF FORCEFULLY EXCESSIVE AND INAPPROPRIATE RESPONSES THAT SAID SENIOR EMPLOYEES MALICIOUSLY EXECUTED UPON HIM. CENSKE WAS AWARDED 50,000.00 FOR BEING PUT IN THE LEAST RESTRICTIVE RESTRAINT METHOD; SUBSEQUENT TO A STAFF ASSAULT COMPLAINT. JACKSONBEY WAS NON THREATENING, NON COMBATIVE AND FULLY COMPLIANT BEFORE AND DURING HIS INTERACTION WITH STAFF AND THEIR ILL-WILLED USES OF EXCESSIVE FORCE (SPANNING FROM VERBAL ASSAULT TO FIVE-MAN CELL EXTRACTIONS AND DEPLOYMENT OF THE MOST ADVANCED WEAPONRY TECHNIQUES AVAILABLE) AND APPLICATION OF RESTRAINTS ('ADVANCED' AMBULATORY RESTRAINT METHOD; IN 'ALTERNATIVE' CLOTHING, AND INTENSED FOUR POINT METHOD; NO BEDDING IN ADDITION TO SCARCE CLOTHING). CENSKE ACTUALLY CURSED OUT STAFF AND FORCEFULLY THREATENED THEM AND THEIR FAMILIES DURING HIS RESTRAINT METHOD APPLICATION. WHEREAS NOT ONLY WAS JACKSONBEY MERELY ACTING AS

Pg 9 of 9

instructed by his mental health care provider in his imminent time of grief; by safely and rationally notifying employees of his pressing suicidal ideations, but Jacksonbey remained visibly calm and compliant and never verbally or physically threatening inspite of what was described in writing by rouge and subjective supervisors. The evidence strongly suggest that the misconduct that Censke experienced by USP Terre Haute staff, which amounted to actionable assults and batteries, are comparratively LESS severe than what USP Terre Haute staff made Jacksonbey experience. When a reasonable person takes into account everything that Jacksonbey went through during such sensative and pivitol moment in his life then Jacksonbey's requested relief becomes more clear and realistic.

D. <u>Conclusion</u>

Based on the above plaintiff hereby affirm and asserts under the federal penalties of perjury; 18 USC § 1001, that the foregoing is correct and true and that he is hereby entitled to default judgment and an awarded compensation according to his complaint's requested relief by this court of proper jurisdiction.

Sincerely submitted
s/ Haneef Shakeel JacksonBey
HANEEF SHAKEEL JACKSONBEY

PG 1 OF 1

United States District Court

Southern District of Indiana

Terre Haute

JacksonBey v. United States, 2:23-CV-00190

Motion For Default Judgment

Certificate of Service

I hereby certify that the attached Motion for Default Judgment was mailed to the Clerk of the above Court for distribution and processing by way of U.S.P. Victorville's Special Legal Mail System; First Class Postage paid in full, on _____ under Title 28 USC §1746.

Mailed to:                          s/ Haneef S. Jackson Bey
Clerk of the U.S. District          Haneef Shakeel JacksonBey
Courthouse 921 Ohio St              U.S. Prisoner 10320-027
Terre Haute, IN.                    United States Penitentiary
                                    P.O. Box 3900
                                    Victorville, California

HANEEF SHAKUR JACKSON BEY
UNITED STATES PRISONER 10320027
UNITED STATES PENITENTIARY
UNIT 6B CELL 210 Y
POST OFFICE BOX 3900
VICTORVILLE, CALIFORNIA 92301

SN BERNARDINO CA 923
16 JAN 2025 PM 4 L

UNITED STATES MARSHAL
PACKAGE SCREENED BY
X-RAY/MAGNETOMETER

FILED
JAN 21 2025
U.S. CLERK'S OFFICE

SPECIAL LEGAL MAIL
MATERIAL ENCLOSED
GIVEN TO BOP STAFF

OFFICE OF THE CLERK FOR THE
UNITED STATES DISTRICT COURT
921 OHIO STREET
TERRE HAUTE, IND.

47807-373899